10-4712 (L)
Terra Securities, et al v. Citigroup, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of December, two thousand eleven.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             SUSAN L. CARNEY,
                     *Circuit Judges*.

---

TERRA SECURITIES ASA KONKURSBO, AS THE SUCCESSOR IN INTEREST TO TERRA SECURITIES ASA, BANCA CARIGE S.P.A. – CASSI DI RISPARMIO DI GENOCA E IMPERIA, CARIGE ASSICURAZIONI S.P.A., CARIGE VITA NUOVA S.P.A.,

                     *Plaintiffs-Appellants*,

THE MUNICIPAL CORPORATION OF BREMANGER, THE MUNICIPAL CORPORATION OF HATTFJELLDAL, THE MUNICIPAL CORPORATION OF KVINESDAL, THE MUNICIPAL CORPORATION OF NARVIK, THE MUNICIPAL CORPORATION OF RANA, THE MUNICIPAL CORPORATION OF VIK, THE MUNICIPALITY OF HEMNES,

                     *Plaintiffs*,
          v.                                          10-4712-cv (Lead)
                                                      10-4714-cv (Con)

CITIGROUP, INC., CITIGROUP GLOBAL MARKETS, INC., CITIGROUP ALTERNATIVE INVESTMENTS LLC,

                     *Defendants-Appellees*,

CITIGROUP FINANCIAL PRODUCTS INC.,

                     *Consolidated-Defendant-Appellee*.

---

For Plaintiffs-Appellants:                Michael M. Fay & Marc E. Kasowitz, Kasowitz, Benson, Torres & Friedman LLP, New York, N.Y.

For Defendants-Appellees:            John F. Baughman, Brad S. Karp & Daniel H. Levi, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Marrero, *J.*).

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of said District Court be and hereby are AFFIRMED.

Plaintiffs in this case filed complaints claiming that Citigroup, Inc., and several of its affiliates perpetrated a fraud by selling plaintiffs investments that resulted in more than $247 million in damages. The district court granted defendants' motion, under Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiffs' claims for fraud and negligent misrepresentation under New York law. The court also denied plaintiffs' request to amend their complaints. We assume the parties' familiarity with the underlying facts alleged in the complaints and the issues raised on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Furthermore, while "[w]e [generally] review denial of leave to amend under an abuse of discretion standard[,] . . . denial[s] of leave to amend . . . based on a legal interpretation, such as a determination that amendment would be futile," are subject to "*de novo* review." *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011) (internal quotation marks omitted).

Fraud and negligent misrepresentation require more than a mere misstatement or omission. "Under New York law, for a plaintiff to prevail on a claim of fraud, he must prove," among other things, "a material misrepresentation or omission of fact," as well as "reasonable reliance on the part of the plaintiff" on that misrepresentation. *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 98 (2d Cir. 1997). Similarly, a claim of negligent misrepresentation requires at a minimum that "the defendant made a false representation . . . [on which] the plaintiff reasonably relied." *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 20 (2d Cir. 2000).

In determining whether a plaintiff's reliance on an alleged misrepresentation was reasonable, no single factor is determinative. This Court must "consider the *entire context* of the transaction, including factors such as its complexity and magnitude, the sophistication of the parties, and the content of any agreements between them." *Emergent Capital Inv. Mgmt., LLC v. Stonepath Grp., Inc.*, 343 F.3d 189, 195 (2d Cir. 2003) (emphasis added).

2

"It is well established that '[w]here sophisticated businessmen engaged in major transactions enjoy access to critical information but fail to take advantage of that access, New York courts are particularly disinclined to entertain claims of justifiable reliance.'" *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1541 (2d Cir. 1997) (alteration in original) (quoting *Grumman Allied Indus., Inc. v. Rohr Indus., Inc.*, 748 F.2d 729, 737 (2d Cir. 1984)). In addition, this Court has made clear that "the sophistication of the parties" factors into the determination of whether research, and how much, is reasonably required in any given case. *Emergent Capital*, 343 F.3d at 195.

Plaintiffs – a bank, two insurance subsidiaries, and a successor to a brokerage firm – are clearly sophisticated investors. Yet they have not alleged that they conducted any independent investigation prior to making their investments. Indeed, no effort seems to have been made to verify any of defendants' alleged misrepresentations. Moreover, the "critical information" necessary to evaluate the allegedly concealed risks inherent in plaintiffs' investments, *Lazard Freres*, 108 F.3d at 1541 – namely, historical municipal bond yields and interest rate data – was "not peculiarly within [defendants'] knowledge," *Royal Am. Managers, Inc. v. IRC Holding Corp.*, 885 F.2d 1011, 1016 (2d Cir. 1989) ("Where the representation relates to matters that are not peculiarly within the [defendant's] knowledge and both parties have available the means of ascertaining the truth, New York courts have held that the complaining party should have discovered the facts and that any reliance under such circumstances therefore would be unjustifiable."). Thus, the district court correctly concluded that any reliance on defendants' alleged misrepresentations was unreasonable under the circumstances.

Furthermore, the district court did not err in denying plaintiffs' request to amend their complaints on the ground of futility. In their proposed amended complaints, plaintiffs made additional claims regarding their alleged efforts – *after* having incurred heavy financial losses – to investigate the various sources of the alleged flaws in the failed investments.

While the proposed additions are not insubstantial, they do not "nudge[] [plaintiffs'] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). These particular plaintiffs still had at least some duty to investigate defendants' representations *before* relying on them in making such significant investments. Moreover, plaintiffs' new allegations only support the district court's conclusion that the information necessary to evaluate those representations was publicly available.

For the foregoing reasons, the orders of the district court granting defendants' motion to dismiss the case and denying plaintiffs' request to amend their complaints are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3